UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DE PING SONG, YANG XU, BAI SONG LI, CHUN
SEN ZHU, YAN ZHANG and JIE LI,

          MEMORANDUM OPINION
      Plaintiff,          and ORDER

      -against-          CV 09-5566 (LDW) (ETB)

47 OLD COUNTRY, INC. (d/b/a BABI I), JILLY SN,
INC. (d/b/a BABI I), BABI NAIL USA II CORP. (d/b/a
BABI II), BABI NAIL USA III CORP. (d/b/a BABI
III), KUI SOON CHO (a/k/a ROSEMARY), HAE
SOOK KIM, IN BAE KIM (a/k/a FRANK, a/k/a INBAE
KIM, a/k/a IN B. KIM, a/k/a BAE KIM, a/k/a BAE I.
KIM), and HYE YOUNG CHOI (a/k/a JACKY, a/k/a
HAEYOUNG CHOI, a/k/a HAE YOUNG CHOI),

      Defendants.
----------------------------------------------------------------------X

      The docket sheet is replete with numerous contested motions with respect to discovery issues that the parties were unable to resolve without court intervention. This has led to substantial delays and numerous extensions of discovery.

      Before the court is still another request for a discovery extension on behalf of the plaintiffs', dated March 29, 2011, just two (2) days before the end of discovery in what appears to be the third (3rd) discovery deadline in this action. This motion for an extension was accompanied by still another request for court intervention by the plaintiffs - also dated March 29, 2011 - seeking to compel further discovery from the defendants.

      A.    <u>Motion for a Further Extension to Complete Discovery</u>

      This is denied on two (2) grounds: (1) the parties have had more than an ample opportunity to complete disclosure, <u>see</u> Rule 26(b)(2)(C)(ii), Fed. R. Civ. P. ("party seeking

discovery has had ample opportunity to obtain the information by discovery in this action"); and (2) Judge Wexler's nine (9) month trial ready rule.

The initial conference occurred April 8, 2010. Discovery completion was then set at September 30, 2010 (by order, dated April 26, 2010, fact discovery completion was modified, at the parties' request, to August 20, 2010). On September 20, 2010, at the request of the parties, discovery completion was extended to December 31, 2010. In that order of September 20th I noted the nine (9) month trial ready provision in Judge Wexler's individual rules. The parties were further directed to file a list of trial witnesses and trial exhibits by January 14, 2011.

Notwithstanding the two (2) prior extensions, the parties sought still another extension - to March 31, 2011. That request was granted on November 24, 2010, and the parties were advised that there would be "no further extensions" in that order.

The original scheduling order in this action provides notice to the parties at the outset of the case concerning the applicable provisions relating to discovery extensions and court intervention at the end of the case. Upon a showing of good cause, discovery will be extended up to 120 days. Beyond that period, discovery will be extended only to avoid a "manifest injustice." See order, dated January 6, 2010 at 4.

Here, discovery has already been extended for six (6) months. Moreover, there is no showing of "good cause," much less the required showing of "manifest injustice" to support the application. Lastly, more than ten (10) months has expired since the initial conference in contravention to Judge Wexler's trial ready rule. The parties have had more than an adequate opportunity to conduct discovery in this action, as noted above (citing Rule 26(b)(2)(C)(ii)).

Accordingly, the application for a further extension of discovery is denied.

B.  <u>Request for Court Intervention</u>

The plaintiffs' motion to compel comes two (2) days before the discovery completion date. The "discovery completion date specified in any pre-trial order is the last day for discovery responses" - not requests. To be timely, discovery requests must be served sufficiently in advance of the discovery completion date for responses to be served prior to the discovery completion date. <u>See</u>, <u>e.g.,</u> order, dated March 9, 2010.

"Any motion for court intervention relating to discovery must be filed at least thirty (30) days prior to discovery completion." <u>See</u> order, dated January 6, 2010 at 2, No. 3. The plaintiffs have failed to adhere to the above provision, and for this reason, the application to compel further discovery is untimely and, therefore, denied.

A list of trial witnesses and trial exhibits shall be filed by April 22, 2011.

**SO ORDERED:**

Dated: Central Islip, New York
 April 7, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge