FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 08 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DE PING SONG, YANG XU, BAI SONG LI
CHUN SEN ZHU, YAN ZHANG and JIE LI,

                    Plaintiffs,

     -against-

47 OLD COUNTRY, INC. (d/b/a/ BABI I),
JILLY SN, INC. (d/b/a BABI I), BABI NAIL
USA II CORP. (d/b/a/ BABI III), KUI SOON
CHO (a/k/a ROSEMARY), HAE SOOK KIM,
IN BAE KIM (a/k/a/ FRANK, a/k/a/ INBAE
KIM, a/k/a/ IN B. KIM a/k/a/ BAE KIM, a/k/a
BAE I. KIM), and HYE YOUNG CHOI (a/k/a
JACKY, a/k/a/ HAEYOUNG CHOI, a/k/a/
HAE YOUNG CHOI),
                    Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-5566

(Wexler, J.)

APPEARANCES:

    The Legal Aid Society
    BY: AARON MICHAEL HALEUGA, ESQ.
        KAREN CACACE, ESQ.
    Attorneys for Plaintiffs
    199 Water Street, 3rd Floor
    New York, New York 10038

    ZABELL & ASSOCIATES, P.C.
    BY: SAUL D. ZABELL, ESQ.,
    Attorneys for Defendants
    4875 Sunrise Highway Suite 300
    Bohemia, New York 11716

WEXLER, District Judge:

    This is a case that alleging violations of federal and state wage, hour, and employment discrimination laws, including retaliation. Plaintiffs are six Chinese individuals who were

1

employed at nail salons doing business under the name "Babi," at various times between August 2004 and the present.

I.      Pending Motions in Limine

This case is scheduled for jury selection on March 14, 2012, with trial to commence shortly thereafter. Presently before the court are Plaintiffs' several motions in limine. Upon consideration of the documents before the court, as well as the court's familiarity with this matter, the court rules as follows.

A.      Immigration and Income Tax Issues

The court grants the motion to preclude Defendants from eliciting any evidence relating to Plaintiff's immigration status. Such evidence is completely irrelevant both to Plaintiffs' claims and credibility, and any such inquiry could be highly prejudicial. Accordingly, no such evidence shall be elicited at trial. See Flores v. Amigon, 233 F. Supp.2d 462, 462 (E.D.N.Y. 2002) ("all employees, regardless of their immigration status, are protected by the provisions of the FLSA"); accord Solis v. Cindy's Total Care, Inc., 2011 WL 5170009 *1 (S.D.N.Y. 2011) (evidence of immigration status irrelevant to FLSA claims); Rengifo v. Erevos Enterprises, Inc., 2007 WL 894376 *1 n.1 (S.D.N.Y. 2007) (same ruling with respect to claims under New York law and Section 1981).

The court makes the same ruling with respect to Plaintiffs' tax filings. Such information is equally irrelevant to the issue of whether Plaintiffs were properly compensated for hours worked, and no reference thereto will be allowed at trial. Uto v. Job Site Services Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010).

B.  Evidence of Cash Records

The court reserves decision as to whether Plaintiffs are entitled to particular jury instructions or adverse inferences to be drawn with respect to the alleged failure to produce evidence of cash records. Such evidence is certainly relevant to establishing a claim under the FLSA. See Romero v. Jocorena Bakery, Inc., 2010 WL 4781110 *2 (E.D.N.Y. 2010); Padilla v. Manlapaz, 643 F. Supp.2d 298, 302 (E.D.N.Y. 2009) see 29 U.S.C. §203(s)(1)(A)(ii) (defining "an enterprise engaged in commerce" to have a combined "annual gross volume of sales made or business done" that is "not less that $500,000").

At this point, the court does not know whether this element of Plaintiffs' FLSA claims is conceded. If it is not, the court will rule on whether Plaintiffs are entitled to an instruction on this issue after development of facts, and any necessary legal argument to be made at trial.

C.  Video Footage

The court also reserves decision with respect to the relevance and admissibility of any video footage from the salons, as well as the proper scope of any examination as to this issue. If such footage is sought to be introduced, the court will determine whether, as alleged by Plaintiffs, it was selectively produced. The court will also determine whether any such footage will be admitted to evidence, and the proper scope of cross-examination with respect thereto.

D.  Remaining Evidentiary Issues

The court reserves for trial its decision as to any other motions in limine. The court encourages counsel to confer as to issues of admissibility prior to trial to allow for the orderly introduction of evidence. The court reminds the parties that it will not allow the introduction of any evidence not exchanged during the course of discovery.

3

Jury selection will, as previously noted, commence on March 14, 2012 at 9:00 A.M.

SO ORDERED.

s/L. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 8, 2012

4