UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DE PING SONG, YANG XU, BAI SONG LI
CHUN SEN ZHU, YAN ZHANG and JIE LI,

                            MEMORANDUM AND ORDER

                Plaintiffs,               CV 09-5566

        -against-                    (Wexler, J.)

47 OLD COUNTRY, INC. (d/b/a/ BABI I),
JILLY SN, INC. (d/b/a BABI I), BABI NAIL
USA II CORP. (d/b/a/ BABI III), KUI SOON
CHO (a/k/a ROSEMARY), HAE SOOK KIM,
IN BAE KIM (a/k/a/ FRANK, a/k/a/ INBAE
KIM, a/k/a/ IN B. KIM a/k/a/ BAE KIM, a/k/a
BAE I. KIM), and HYE YOUNG CHOI (a/k/a
JACKY, a/k/a/ HAEYOUNG CHOI, a/k/a/
HAE YOUNG CHOI),
               Defendants.
-----------------------------------------------------------X

APPEARANCES:

    The Legal Aid Society
    BY: AARON MICHAEL HALEUGA, ESQ.
        KAREN CACACE, ESQ.
    Attorneys for Plaintiffs
    199 Water Street, 3rd Floor
    New York, New York 10038

    FREDERICK SCHULMAN & ASSOCIATES
    BY: SAMUEL A. EHRENFELD, ESQ.
    Attorneys for Defendants
    419 Lafayette Street - 4th Floor
    New York New York 10003

WEXLER, District Judge:

    This case was commenced by Plaintiffs, workers at nail salons located within this

District, alleging violations of federal and state wage and hour laws, as well as race-based

1

employment discrimination pursuant to 42 U.S.C. §1981. Following a jury trial, judgement was entered awarding compensatory damages in accord with the verdict to the Plaintiffs as follows:

Plaintiff Li Bai Song: $39,741.00;

Plaintiff De Ping Song: $49,564.00;

Plaintiff Jie Li: $14,067.00;

Plaintiff Yang Xu: $16,597.00;

Plaintiff Chun Sen Zhu: $52,247.00;

Plaintiff Yan Zhang: $70,544.00.

Additionally, liquidated damages pursuant to the Fair Labor Standards Act were awarded calculated at 100% of the compensatory damages arising out of Plaintiffs' employment after but not including December 21, 2006 in the following amounts:

Plaintiff Li Bai Song: $39,741.84;

Plaintiff De Ping Song: $34,270.48;

Plaintiff Jie Li: $7,671.58;

Plaintiff Yang Xu: $10,362.60;

Chun Sen Zhu: $35,432.63;

Plaintiff Yan Zhang: $49,530.70. The court also awarded additional amounts in liquidated damages pursuant to the New York Labor Law, calculated at 25% of the compensatory damages arising out of Plaintiffs' employment on or before December 21, 2006 in the following amounts:

Plaintiff De Ping Song: $3,813.13;

Plaintiff Yang Xu: $1,555.84;

Plaintiff Chun Sen Zhu: $4,203.96;

Plaintiff Yan Zhang: $5,247.43.

Pre-judgment interest was awarded pursuant to the New York Civil Practice Law and Rules calculated at an annual rate of 9% of the compensatory damages arising out of Plaintiffs' employment on or before December 21, 2006 as follows:

Plaintiff De Ping Song: $8,132.61;

Plaintiff Jie Li: $3,325.80;

Plaintiff Yang Xu: $3,537.27;

plaintiff Chun Sen Zhu: $10,744.60, and

Plaintiff Yan Zhang: $12,086.94

While Plaintiffs prevailed as to several wage and hour causes of action, they failed to prevail on other wage-related claims. Thus, the jury declined to award damages in connection with claims for tool purchase, uniform purchase and laundering. The jury verdict was mixed with respect to the civil rights claims brought by certain Plaintiffs alleging race-based hostile environment and retaliation pursuant to 42 U.S.C. §1981. Specifically, while the jury awarded damages on retaliation claims, it denied the claims of a hostile environment based upon race.

Presently before the court is Plaintiffs' motion for attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), and the New York State Labor Law. In view of the fact that this case is currently on appeal, Defendants ask this court to defer decision on the attorneys' fee application until a decision is reached.

This court agrees to defer its decision on the attorneys' fee application until a decision is reached as to the appeal of this matter. Accordingly, the court denies the motion for attorneys fee, at this time, without prejudice to renewal upon the rendering of a decision by the Second

3

Circuit. The court makes clear that its decision is made only with respect to the application for attorneys' fees. There shall be no stay with respect to the judgment in this matter and Plaintiffs are free to pursue collection thereof. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 183 in this matter.

SO ORDERED.

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 13, 2012